I. Stanley Rosenthal, J.
This is a motion by the defendants to suppress any and all items of personal property seized on or about February 16, 1969 from the Beth view Theatre which are the subject matter of the charge of disseminating indecent material to a minor in violation of section 235.21 of the Penal Law of New York and the companion charge of obscenity in violation of section 235.05 of the Penal Law of New York. The motion is made pursuant to the First, Fourth and Fourteenth Amendments to the Constitution of the United States. Attached to the defendants’ moving papers is a copy of an order of Judge Travia of the United States District Court of the Eastern District of New York. Said order deals with a similar seizure which occurred apparently on May 6, 1969. The defendants urged this order as additional grounds that the property be suppressed. This personal property was seized pursuant to a search warrant issued by a Judge of the District Court of Nassau County dated February 16, 1969. No question is raised with respect to the validity of the search warrant, and since the issuance of the search warrant constitutes a judicial determination of its validity on its face, absent any testimony that the averments therein are perjurious, such warrant is valid. (People v. Alfinito, 16 N Y 2d 181; People v. Solimine, 18 N Y 2d 477.)
The question presented is actually whether or not an adversary hearing is required before the films alleged to be obscene are confiscated by law officials as was required in the case of A Quantity of Books v. Kansas (378 U. S. 205). The issue centers on -.the applications of the First and Fourteenth Amendments to the United States Constitution. Further, it is narrowed to a question of whether or not the seizure was valid under the First and Fourteenth (due process clause) Amendments of the United States Constitution. There is no question, in view of the particular facts of this case and the validity of the search *129 warrant, of a violation of the Fourth Amendment relating to unreasonable searches.
The issue of whether there should be an adversary hearing prior to the seizure of such films and books has been clearly determined by the United States Supreme Court, by order of Judge Travia, and by the Federal Court of Appeals for the Second Circuit. (A Quantity of Books v. Kansas, supra; cf. Marcus v. Search Warrant, 367 U. S. 717; Potwora v. Dillon, 386 F. 2d 74; Bethview Amusement Corp. v. Cahn, 416 F. 2d 410.) It is also clearly established that motion picture films receive the benefit of an adversary hearing before seizure and come under the protection of the First and Fourteenth Amendments. (Bethview Amusement Corp. v. Cahn, supra; Interstate Circuit v. Dallas, 390 U. S. 676; Joseph Burstyn, Inc. v. Wilson, 343 U. S. 495; United States v. A Motion Picture Film, 404 F. 2d 196; Metzger v. Pearcy, 393 F. 2d 202; Tyrone Inc. v. Wilkinson, 410 F. 2d 639.) It is therefore well established that the defendants’ constitutional rights under the First and Fourteenth Amendments of the United States 'Constitution were violated by the absence of an adversary hearing on the question of obscenity prior to the seizure.
There remains the question of what remedy is available to the defendants under such a violation. The remedy that has been granted under violations of the Fourth Amendment of the United States Constitution has been suppression of the unconstitutionally seized property. Should this remedy be extended to First Amendment violations? It is significant that usually under a Fourth Amendment search and seizure violation a return of the property to the defendant is a rather inadequate remedy. In many or most cases the property seized is contraband. For example, proceeds of a robbery, narcotics or illegal liquor, all of which should obviously not be returned to the defendant. In the ease of seizure of mere evidence, the items seized usually are of little value., The courts have, therefore, in order to make the Fourth Amendment rights meaningful, punished the prosecution by denying them the right to present this evidence at a trial.
The same reasoning need not be applied to First and Fourteenth Amendment violations. It is an abridgement of the right of free speech, free press and seizure of property without due process of law which is to be avoided. In the case of large numbers of allegedly obscene books there is considerable value in the property, and that is what is protected by the Fourteenth Amendment — due process clause —, and the curtailment of *130 constitutionally protected expression by the First Amendment. The same holds true for motion pictures when the seizure, even though it be of one film, might prevent the victim of the seizure from earning his living by showing the film to large audiences for a number of days or weeks. The seizure of the film effectively deprives the defendant of a substantial income without it first having been determined that the film is obscene, merely on the reasonable cause established in the supporting papers of the search warrant, a much lesser standard than would be required on a trial of the question of obscenity.
For the foregoing reasons this court concludes that the defendants in First and Fourteenth Amendment violations have an adequate remedy which they in fact have exercised in a companion case resulting from the seizure which occurred on May 6, 1969. The order of Judge Travta directed the return of the motion picture film. It is significant to note that Judge Tbavta’s order itself suggests that suppression of the film is not the remedy since he ordered that the Bethview Amusement Corp. hold the film in the exact form and produce it upon the trial in the Nassau County District Court. The United States Court of Appeals for the Second Circuit followed the same line of reasoning by suggesting that the film could be produced in evidence without seizure, suggesting that it was subject to a subpoena duces tecum. (Bethview Amusement Corp. v. Cahn, 416 F. 2d 410, supra.)
In a recent Court of Appeals for the Second Circuit case, United States v. Wild (422 F. 2d 34, 39) the court in commenting on Bethview Amusement Corp. v. Cahn (supra) stated as follows: 1 ‘ While the panel there ordered the film returned, it did not say that the print could not be used by the prosecution in a trial on the outstanding criminal charge. In fact, the court in Bethview indicated precisely to the contrary, 416 F. 2d at 412 * * * See Tyrone, Inc. v. Wilkinson, 410 F. 2d 639, 641 (4th Cir. 1969), cert, denied 396 U. S. 985 * * *. In our case, the issue is whether a new trial must be ordered because some of the seized material was used as evidence. We do not believe that Bethview decided that question in the affirmative.”
In the case at bar the search was lawful and proper but the seizure which includes retention was violative of the First and Fourteenth Amendments. The Court of Appeals in United States v. Wild went on to say (p. 39): “ Second, the Bethview panel analogized ‘ a single print of a motion picture film ’ to seizure of ‘ a large number of books ’ because in both instances, without any prior adversary hearing, a large group in the community is denied access to material that may be entitled to first *131 amendment protection. Thus, the BetTwiew panel pointed out that a single motion picture print could be seen by over 4,000 people in one week. * * * BetTwiew panel did not hold that it is improper, after a lawful arrest, to seize as evidence a few samples of this kind of allegedly obscene material, each of which can, by its nature, be seen by only a few people. ’ ’
In such a situation the seizure of a single copy of such material would not be unreasonable if it was a situation where it was one book out of thousands; seizing one is reasonable, seizing a thousand is unreasonable. In this situation, however, there seems to be no reason to suppress the introduction into evidence of this film, where defendant’s rights can be protected by the return of their property leaving them free to exercise their right to free expression.
It is therefore this court’s opinion, in view of the adequate remedies available to the defendants for the protection of their free expression and property interest, that the seizure of the films was for the purpose of obtaining and preserving evidence, and was not unreasonable. The motion to suppress is denied as to all defendants.
It is to be noted that nowhere in the papers is there any allegation or proof as to the identity of the owner of the seized property. Consequently, the court does not at this time pass upon nor make any specific direction as to the return of the films.